IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVONTE HAZEL,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>Defendants. | 8:22CV437<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Davonte Hazel ("Hazel") filed a pro se Complaint on November 30, 2022. Filing No. 1. Hazel was granted leave to proceed in forma pauperis on January 4, 2023. Filing No. 7. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(a), and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Hazel leave to amend.

On initial review, the Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may

be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Liberally construed, Hazel alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The subject matter of this case arises from allegations of Eighth Amendment violations relating to the classification of inmates as non-indigent when they have "as little as $0.31" in available funds, resulting in denials of basic housing, food, clothes, and hygiene by Defendants the State of Nebraska, Lancaster County Jail, and Sergeant William Goracke. Filing No. 1 at 1–5. The Complaint currently before this Court, however, was originally filed as a joint action by three plaintiffs including Hazel in Case No. 8:22-CV-409 (the "Prior Case"), before Hazel separated from the other plaintiffs and filed this

individual action.[1] Of note and particularly relevant here, the instant Complaint has not been amended since its initial filing in the Prior Case. *Compare* Filing 1, Case No. 8:22-CV-409 *with* Filing No. 1. As such, while the Complaint contains factual allegations such as, for example, "I had a sore on my foot that may have been caused by poor hygiene," *see e.g.* Filing No. 1 at 3., because the Complaint was drafted to address the complaints of three plaintiffs, it is impossible for this Court to discern if the "I" mentioned is Hazel or one of the other former plaintiffs.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

As the Complaint is replete with "I" factual allegations that could relate to any of the three individual plaintiffs in the Prior Case and does not contain any allegations which directly relate to Hazel, the Court is unable to ascertain any connection between Hazel and the allegations made, nor can it be determined how or when the alleged incidents at issue took place, or any detail of the resulting harm. Put another way, the Court is unable to determine which of the named defendants were involved in any of Hazel's claims because the alleged violations are not connected specifically to Hazel.

---

[1] Following an Order by the Court allowing each plaintiff to elect to proceed individually in Case No. 8:22-CV-409, *see* Filing No. 7, Hazel elected to separate his claims from the other plaintiffs and proceed individually in the instant case, *see* Filing No. 10. Upon Hazel's election, the Clerk's office was instructed to open a new case for Hazel, and amongst other things, to file a copy of the complaint from Case No. 8:22-CV-409 as the Complaint in instant case. Filing No. 14, case No. 8:22-CV-409.

As such, Hazel's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A. On the Court's own motion, Hazel will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all defendants, and clearly explains what each defendant did to him, when defendants did it, and how defendants' actions harmed him. Hazel is advised that any amended complaint he files will supersede the original Complaint.

IT IS THEREFORE ORDERED that:

1. Hazel shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all defendants in accordance with this Memorandum and Order. If Hazel fails to file an amended complaint, this matter will be dismissed without further notice.

2. The Court reserves the right to conduct further review of Hazel's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **July 3, 2023:** Check for amended complaint.

Dated this 2nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4